IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK HOHN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV552 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Quash and Motion for a Protective Order Related to Plaintiff's Notice of 30(b)(6) Deposition Topic Nos. 2 and 10 (Filing No. 56). The defendant filed a brief (Filing No. 57) and an index of evidence (Filing No. 58). The plaintiff filed a brief (Filing No. 61) and an amended notice (Filing No. 60) in response to the defendant's brief.

## BACKGROUND

This action was brought by the plaintiff pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, (ADA), for disability discrimination and retaliation. The plaintiff alleges he was removed from his job after he made a safety complaint against the defendant and based on his disability. **See** Filing No. 29 - Amended Complaint. The plaintiff was employed by the defendant, starting in December 1997, as a machinist and was placed on paid medical leave on April 29, 2004, to have his vision checked to determine whether the plaintiff could work without restrictions. As a result of the eye exam, an optometrist determined the plaintiff has a degenerative eye disease known as Retinitis Pigmentosa. The optometrist recommended work restrictions given the plaintiff's loss of peripheral vision. The restrictions limit the plaintiff to work at a desk job. **See** Filing No. 51, Ex. 4(c) - Depo. of Robert C. Dietrich, O.D.

In December 2006, the plaintiff served the defendant with notice to take a Rule 30(b)(6) deposition. **See** Filing No. 54. After consultation regarding the parties' dispute about the topics contained in the notice, the parties were unable to reach an agreement. Specifically, the defendant objects to the deposition including the subjects contained in two categories of the deposition notice:

> 2) BNSF's history and experience with any employees with disabilities;
>
> 10) The frequency and type of injuries occurring at BNSF's facility Alliance, Nebraska and its other similar facilities.

**See** Filing No. 54 - Notice.

The defendant filed a motion to quash the deposition and for a protective order preventing the plaintiff to ask questions about the disputed topics. The defendant contends the disputed categories, as listed on the notice, as not being described with reasonable particularity, being overly broad, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome. **See** Filing No. 57, Brief p. 2. The plaintiff contends the categories are relevant and likely to lead to the discovery of admissible evidence. However, the plaintiff concedes the categories are overly broad and filed a notice amending the categories as follows:

> 2) BNSF's history and experience with employees with disabilities who work as machinists or other mechanical employees working on locomotives during the last ten years;
>
> 10) The frequency and type of injuries which BNSF has documented occurring at BNSF's facility in Alliance, Nebraska and its other similar maintenance and repair facilities during the last ten years.

**See** Filing No. 60.


**ANALYSIS**

Federal rule of Civil Procedure 30(b)(6) provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or

that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. See **Burlington Ins. Co. v. Okie Dokie, Inc.**, 368 F. Supp. 2d 83, 86 (D. D.C. 2005).

Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery. **See *Rubin v. Islamic Republic of Iran***, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing discovery has the burden to show that its objections are valid by providing explanation or factual support. ***Burnett v. Western Res. Inc.***, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). "Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient . . . to bar production." ***Pulsecard, Inc. v. Discover Card Serv, Inc.***, No. CIV. A. 94-2304-EEO, 1996 WL 397567, at *1, 2 (D. Kan. July 11, 1996) (**quoting *Caton***, 136 F.R.D. at 685).

However, the proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. See ***Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). The court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). The District Court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so. ***Burlington Ins.***, 368 F. Supp. 2d at 86.

**A.    Category 2 - Disabled Employees**

The plaintiff argues he is entitled to know how the defendant has addressed disability issues with other mechanical employees.  This is because the plaintiff seeks to determine how the defendant accommodated such other employees and whether the plaintiff was treated differently based on his safety complaint.  The plaintiff contends that the narrowed requests will provide relevant information and, based on recent deposition testimony, the defendant will not face undue burden in acquiring responsive information.

The defendant contends the time frame of ten years is overly broad and without substantial justification.  The defendant asserts that with over 40,000 employees the time span creates an undue burden in attempting to designate a particular employee for the deposition.  Additionally, the defendant contends the plaintiff fails to state with any specificity the information actually sought, such as what type of history or experience and in terms of employment numbers or reasonable accommodations.  Further, the defendant argues the notice fails to define "employees with disabilities" and fails to limit the information sought to employees with a vision disability and the same job description as the plaintiff.

A plaintiff is entitled to discovery for a reasonable period of time prior to and after the tenure of employment.  **See *Raddatz v. Standard Register Co.***, 177 F.R.D. 446, 448 (D. Minn. 1997) (discovery restricted to period two years prior and two years after plaintiff's termination from position in age discrimination action); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (finding two years after employment reasonable); *Miles v. Boeing Co.*, 154 F.R.D. 117, 120 (E.D. Pa. 1994) (production documents relevant to show employer's general policy and practice for period of employment plus two years after found "reasonable"); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 62-63 (D. N.J. 1985) (Plaintiff in discrimination action entitled to discovery, district-wide, for term of employment, two years prior and extending two years beyond.).

Here, the plaintiff has worked for the defendant since December 1997.  The defendant supplies no justification for an arbitrary limit on the time frame, such as limiting discovery related more directly to comparators of the plaintiff.  The unpublished opinions cited by the defendant, which limit discovery to two years, are unpersuasive.  The court finds the plaintiff has met his threshold burden of showing discover over the course of his

4

employment and limited to ten years is relevant to the matters raised in this lawsuit. The defendant has failed to show that merely because of the time frame or the number of its employees the discovery sought creates an undue burden related to production of a deposition designee.

The plaintiff has attempted to limit the discovery request to the type of job engaged in by the plaintiff. The defendant fails to provide additional information to the court for further limits to the request which may be reasonable based on the plaintiff's job assignment. For this reason, the defendant has failed to provide good cause for protection from the discovery as requested by the plaintiff. However, the defendant has provided principled justification for limiting the plaintiff's discovery to those employees suffering a vision-related disability. Although, the plaintiff did not define "employees with disabilities" such term is defined under the ADA and the plaintiff's notice should be interpreted consist with the ADA claims alleged. The court finds the wording of the plaintiff's notice is not otherwise overly broad, vague or ambiguous. Although the category, including the defendant's history and experience with employees with vision-related disabilities, is broad, the defendant should be prepared to designate an employee who can address all reasonable aspects of the category.

**B.     Category 10 - Injuries**

The plaintiff states the information is related to the defendant's "direct threat" defense. Pursuant to the ADA, a direct threat is "a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." 42 U.S.C. § 12111(3). Further, an employer may apply "qualification standards" that are "job-related and consistent with business necessity," to include a defense for employers when the employee is a direct threat to himself. ***Chevron U.S.A., Inc. v. Echazabal***, 536 U.S. 73, 79-80 (2002); 42 U.S.C. § 12113(a)-(b). The plaintiff contends that even though it is the defendant's burden to prove the plaintiff was a direct threat through "objective evidence," the plaintiff is entitled to explore the type of perceived threat his employment would have created. The plaintiff argues he will be able to identify possible threats by determining what caused injuries and what types of injuries were suffered by machinists at the Alliance facilities and other similar facilities. The plaintiff states that recent depositions disclosed

there is a class of injuries called "reportable injuries" which are well documented by the defendant, which belies any argument production would cause an undue burden.

The defendant contends the time frame sought by the plaintiff is overly broad, as discussed above. The defendant also argues information about the frequency and type of injuries, generally experienced by the defendant, will not lead the plaintiff to the discovery of admissible evidence. The defendant argues the plaintiff's notice is not sufficiently limited to injuries occurring due to an employee's disability or in relation to whether the plaintiff, himself, is a threat due to his vision impairment and work restrictions.

The court finds the plaintiff has met his threshold burden of showing the identification of the frequency and types of injuries suffered by employees in the plaintiff's facility or similar facilities may bear on the issue of whether the plaintiff's disability makes him a direct threat. The defendant has failed to meet its burden of substantiating its objections to providing such discovery. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Quash and Motion for a Protective Order Related to Plaintiff's Notice of 30(b)(6) Deposition Topic Nos. 2 and 10 (Filing No. 56) is granted in part and denied in part. The defendant's motion to quash is denied. The defendant's motion for a protective order is granted to the extent that topic No. 2 is limited to employees with vision-relate disabilities, and denied in all other respects.

Dated this 10th day of May, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge