IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FRANK HOHN,                          )
                                     )
                 Plaintiff,          )          8:05CV552
                                     )
         v.                          )
                                     )
BNSF RAILWAY COMPANY,                )          MEMORANDUM AND ORDER
                                     )
                 Defendant.          )
_____   )

        This matter is before the court on the defendant BNSF Railway Company's ("BNSF"

or "the Railroad") motion for leave to submit an exhibit on appeal, Filing No. 66, and the

Railroad's appeal, or alternative motion to modify, Filing No. 68, the magistrate judge's

ruling, Filing No. 65, overruling in part its motion to quash and granting in part its motion

for a protective order, Filing No. 65.  This is an action for disability discrimination and

retaliation pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the

Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101; and unspecified

federal and state whistle-blower protection statutes.

        The discovery dispute involves a Rule 30 (b)(6) deposition.  The plaintiff sought

discovery of two categories of information: BNSF's history and experience with employees

with disabilities who work as machinists or other mechanical employees working on

locomotives during the last ten years; and the frequency and type of injuries which BNSF

has documented occurring at BNSF's facility in Alliance, Nebraska, and its other similar

maintenance and repair facilities during the last ten years.  The Railroad moved to quash

and for a protective order.  The magistrate judge found that the plaintiff has shown that the

topics were relevant and that limiting the relevant time period to ten years is reasonable.

The magistrate judge also found that the category of information sought with respect to injuries at Alliance and similar Railroad facilities was relevant to the defendant's "direct threat" defense and that the Railroad had not met its burden to show the request was overly burdensome.

Defendant seeks leave to submit additional evidence to the court on appeal. The proposed evidence purportedly shows that the Railroad's record of injuries is voluminous. In response to the Railroad's position on appeal, the plaintiff asserts that the information it seeks on the reporting of injuries is in the possession of BNSF employee Calvin Hobbs, now Assistant Vice President of Safety, Training, and Rules, and indicates that the plaintiff will agree to a shorter time period regarding information about reported injuries.

On review of a decision of the magistrate on a pretrial matter, the district court may set aside any part of the magistrate's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *In re Lane,* 801 F.2d 1040, 1042 (8th Cir. 1986). *See also Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995) (noting "a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes"). The court finds the order of the magistrate is not clearly erroneous or contrary to law.

In view of the plaintiff's agreement to narrow its request, however, the court finds the order should be modified to reflect the plaintiff's concessions. Also, the plaintiff's concession renders the Railroad's motion for leave to submit an exhibit moot. Accordingly,

IT IS ORDERED:

1. Defendant's motion for leave to submit an exhibit on appeal (Filing No. 66) is denied as moot.

2.  Defendant's appeal, or alternative motion to modify the magistrate judge's order (Filing No. 68), is denied.

3.  The order of the magistrate (Filing No. 65) is affirmed, as modified as follows: The defendant's motion for a protective order is granted to the extent that topic No. 10 is limited to a time period shorter than ten years that can be mutually agreed upon by the parties.

4.  Defendant shall comply with plaintiff's 30(b)(6) Deposition Notice (Filing No. 60) within 30 days of the date of this order.

DATED this 4th day of September, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Court Judge