IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK HOHN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV552 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant BNSF Railway Company's ("the Railroad") motion to strike plaintiff's index and objections to plaintiff's exhibits, Filing No. 87.  This is an action for disability discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101, and unspecified federal and state whistle-blower protection statutes.

In its motion, the Railroad objects to Exhibit U, the Declaration of Dan Hill, a vocational rehabilitation counselor, and Exhibit. X, a narrative report of a Nebraska Equal Opportunity Commission interview of Dan Trickler.  The Railroad contends that Dan Hill was not timely disclosed as an expert under Fed. R. Civ. P. 26 (a)(2) and that the Trickler interview is hearsay, lacks foundation and is irrelevant.

The record shows that on October 7, 2006, the court entered a progression order that required the plaintiff to disclose his expert witnesses by December 1, 2006.  Filing No. 36.  Pursuant to a joint stipulation of the parties, the court amended the progression order to provide that if it was necessary to refute the expert opinion of an expert witness disclosed by the defendant, the plaintiff had until April 17, 2007, to do so. Filing No. 44.

The Railroad designated Robert Dietrich, D.O., as a nonretained expert witness on January 22, 2007. Filing No. 46. The plaintiff disclosed Dan Hill as "his treating vocational rehabilitation professional" on April 17, 2007. Defendant's motion for summary judgment was filed on March 12, 2007. Filing No. 48. The progression order has since been amended to extend the deposition deadline to October 31, 2007.

The plaintiff contends that it disclosed Hill as a nonretained expert and that Hill is a fact witness similar to a treating physician in a personal injury case. The court agrees and finds the motion to strike Hill's declaration should be denied. Hill was previously disclosed as a fact witness and the Railroad has not shown any surprise or unfair advantage as the result of the disclosure. Moreover, with respect to the report of the witness interview of Dan Trickler, because the court does not regard evidence that lacks foundation or is made without personal knowledge or based on hearsay as sufficient to establish a fact for purposes of summary judgment, the court need not strike the evidence. Accordingly,

IT IS ORDERED that the Railroad's motion to strike, Filing No. 87, is denied.

DATED this 13th day of September, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge