IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK HOHN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV552 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on BNSF Railway Company's ("BNSF") motion to compel (Filing No. 158) and BNSF's prayer for sanctions against plaintiff found in BNSF's reply brief in support of its motion to compel (Filing No. 180).  Upon reviewing the motion, supporting brief, opposing brief, reply brief, and the relevant law, the Court finds defendant's motion to compel should be granted in part and denied in part.

Counsel for BNSF has attempted to comply in good faith with the personal consultation requirement of Fed. R. Civ. P. 37(a)(2)(A) and NECivR 7.0.1(I) before filing this motion to compel by sending letters, email, leaving a voice mail, and face-to-face contact with plaintiff's counsel over a period of three months.  Plaintiff served supplemental responses to the interrogatories and requests for production on September 24, 2010; these responses are before the Court.

BNSF contends plaintiff improperly withheld information and documents as to Interrogatory Nos. 5, 7, and 13 and Request for Production of Documents Nos. 6, 7, 9, and 16.  These

interrogatories and requests can be broken into three categories of discussion.

**Category 1- Interrogatory No. 5, Request Nos. 6 and 7**

BNSF asks of plaintiff through Interrogatory No. 5: "Provide a computation of all the damages, benefits and pay which are identified in plaintiff's complaint paragraph V." Through Request Nos. 6 and 7, BNSF asks plaintiff to provide: "All income tax returns, both state and federal, along with supporting documents, which were filed by or on behalf of the plaintiff during the five-year period immediately preceding service of these Requests for Production; and all documents which in any way support the claim for lost income and benefits contained in plaintiff's complaint." Upon reviewing the briefing on this motion, there seems to be confusion as between the parties on the issue of mitigation of damages. The Court finds it necessary that plaintiff fully respond to Interrogatory No. 5 and Request Nos. 6 and 7.

**Category 2- Interrogatory No. 7, Request No. 9**

This interrogatory and request deals with disclosure of plaintiff's expert witnesses. Upon reviewing the briefing on this motion, it has come to the Court's attention that all issues surrounding this interrogatory and request have been resolved as between parties. Thus, the motion to compel as to Interrogatory No. 7 and Request No. 9 is moot and will be denied.

**Category 3- Interrogatory No. 13, Request No. 16**

BNSF asks of plaintiff through Interrogatory No. 13: "Please identify every effort you have made to seek employment since April 29, 2004, with the defendant or some other employer, by identifying the name of the employer; what you did to obtain employment; when the effort was made; and the result of such effort to obtain employment." Through Request No. 16, BNSF asks plaintiff to provide: "All documents relating to any effort the plaintiff has made to obtain employment since April 29, 2004." Upon reviewing the briefing on this motion, there seems to be confusion as between the parties on the issue of mitigation of damages. Although the plaintiff did go to some effort to answer this interrogatory and supply BNSF with the evidentiary basis for its answer, the Court is not satisfied that the answer is complete. The Court finds that plaintiff must fully respond to Interrogatory No. 13 and Request No. 16.

IT IS ORDERED:

1) BNSF's motion to compel is granted with respect to Interrogatory Nos. 5 and 13 and Request Nos. 6, 7, and 16.

2) BNSF's motion to compel with respect to Interrogatory No. 7 and Request No. 9 is denied as moot.

3) BNSF's prayer for sanctions against plaintiff is denied.

DATED this 10th day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court