## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK HOHN, | Case No. 8:05CV552 |
| Plaintiff, | |
| vs. | ORDER ON FINAL PRETRIAL CONFERENCE |
| BNSF RAILWAY CO, | |
| Defendant. | |

A final pretrial conference was held on the 30th day of November, 2010. Appearing for the parties as counsel were:

Scott C. LaBarre for Plaintiff

Thomas C. Sattler and Melanie J. Whittamore-Mantzios for Defendant

**(A)   Exhibits.**   See attached Exhibit List.

Caution:   Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference.   The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)   Uncontroverted Facts.**   The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.   The Plaintiff, Frank Hohn, ("Hohn") is legally blind due to his peripheral vision being less than twenty degrees.   Hohn is an individual with a disability within the meaning of the Americans with Disabilities Act.   Hohn is a resident of Hemingford, Box Butte County, Nebraska.

2.     The BNSF Railway Company ("BNSF") is a Delaware Corporation and employs more than 15 people.    BNSF is a railway company with mechanical facilities in Alliance, Nebraska.

3.     Hohn was hired by the BNSF on December 8, 1997 to work as a locomotive machinist in the BNSF's Alliance Facility.

4.     The essential functions the machinist position at BNSF Alliance Mechanical Facility include:

    a.     Performing locomotive servicing, maintenance, troubleshooting, and other machinists' duties as directed by a supervisor or per union agreement;

    b.     Inspecting locomotive components (including internal engine inspection of pistons, cylinders, liners and crank case) periodically as required by federal regulation and at other intervals per company policy;

    c.     Inspecting fuel and all other fluid levels in locomotive, as necessary;

    d.     Inspecting wheels to ensure that flange, rims, treads, plate, hub, axle and bearing are in good repair;

    e.     Inspecting brake apparatus including brake shoes, beams, hangers, rods, and associated equipment, inspects locomotives for any visible or audible leaks in water, fuel, or oil lines;

    f.     Using test equipment to install, calibrate, and verify the operational specifications of equipment or systems;

2

g.    Operating proper electric, pneumatic, or hydraulic hand tools such as drills, impact wrenches, power saws and grinders;

h.    Accurately distinguishing and interpreting signals, signs, machine/equipment displays, and accurately distinguishing colors as well as possessing spatial perception to work safely within, around, over and under locomotives;

i.    Safe and frequent using of machinery/equipment (such as power tools, hand tools, overhead and wheel based cranes, etc.); and

j.    Frequent bending, stooping, kneeling, and climbing ladders, and frequent walking on uneven/angled surfaces.

5.    On December 11, 2003, Hohn fell while working the second shift for BNSF and fractured the bone above his right wrist.   As a result, Hohn was put on a type of light duty during the time he recovered from the fracture.

6.    Hohn was released to work without restriction in late March or early April 2004 and was assigned to work in C Building of the BNSF Alliance Facility.

7.    Calvin Hobbs was the Shop Superintendent for the Alliance Mechanical Facility between 2003 to November 2005.

8.    Calvin Hobbs decided to pull Hohn from duty in order to allow Hohn to get his vision checked so that a decision could be made as to whether Hohn could work safely.

9.    ~~Defendant proposes:~~ "Hohn chose to see Dr. Robert Dietrich for his eye exam on May 10, 2004 ~~(Based NECivR 56.1(b)(1) because Defendant's Material Statement of Fact, ¶ 14, Filing No. 49, not being contradicted by~~

3

~~Plaintiff, Filing No. 79).   Plaintiff proposes: "Hohn saw Dr. Robert Dietrich~~
~~for his eye exam on May 10, 2004, because he was the only eye doctor who~~
~~Hohn knew in the area."~~   Dr. Dietrich is an optometrist licensed in the state
of Nebraska and has been practicing for 34 years.

10.    Dr. Dietrich found that Hohn had an advanced stage of Retinitis Pigmentosa
when he saw him on May 10, 2004.   Retinitis Pigmentosa is a degenerative
eye disease resulting in tunnel vision and night blindness or nyctalopia with
a high propensity to go blind.   There is no known cure for Retinitis
Pigmentosa.

11.    On June 4, 2004, Calvin Hobbs agreed to extend the time Hohn was on paid
medical leave until June 9, 2004, to allow Hohn additional time to get his
medical evaluation.

**Defendant's Additional Proposed Uncontroverted Facts Deemed
Admitted by NECivR 56.1(b)(1)**

12.    The heavier locomotive repairs are done in C Building such as changing out
the turbocharger, radiator replacement, and air compressor replacement.
C Building is like a big garage where locomotives are parked and there are
moveable platforms that can be rolled alongside and attached to a
locomotive to work on the engine.   There could be as many as 15
locomotives in C Building at one time.   The floors are rough in C Building,
but it is not like walking on ballasts.   (Filing No. 49, ¶ 8, pp. 4-5, Filing No.
79).

13.    Jennifer Crawford and Cecilia Deichert, supervisors of mechanical and
locomotives, respectively, at the BNSF Alliance facility notified Calvin

*(handwritten margin note: ¶¶ 12-34 See separate Court ruling whether as to these are admitted because they were (un)controverted. Summary on judgment.)*

4

Hobbs of their concerns about Hohn's ability to work safely given Hohn's vision problem on April 25, 2004, and April 20, 2004, respectively. (Filing No. 49, ¶ 10, pp. 6-7, Filing No. 79).

14.     On April 29, 2004, when Hohn returned to work from vacation, he was called into the General Foreman's office and advised that he was being placed on paid medical leave for a period of five days so that he could get his vision checked out by an eye doctor and was directed to call Angela Bailey, the BNSF Regional Manager for Medical and Environmental Health. (Filing No. 49, ¶ 13, pp. 7-8, Filing No. 79)

15.     A normal person has 140 degrees of visual field in each eye; Hohn had 15 degrees of visual field in one eye and 18 degrees in the other on May 13, 2004.   "And best way to, in layman's terminology, is if you just took a regular drinking straw and held it up one to each eye.   And that is the field of view that he is confronted with on a daily basis."   This was Hohn's vision in May 2004 and Hohn would not have been able to see obstacles in his path, things on either side of him, or objects above him, unless he was looking directly at the object.       (Filing No. 49, ¶ 15, p. 8, Filing No. 79)

16.     As of May 13, 2004, Hohn's vision did not meet the minimum requirement for a driver's license in the State of Nebraska.   Nebraska requires a minimum of 100 degrees visual field in at least one eye to obtain and maintain a driver's license.   (Filing No. 49, ¶ 17, p. 9, Filing No. 79)

17. At the May 13, 2004, appointment with Dr. Dietrich, Hohn did not request that Dr. Dietrich inform BNSF that Hohn was released to return to work. (Filing No. 49, ¶ 20, p. 10, Filing No. 79)

18. Hohn waited until June 2004 to initiate contact with Angela Bailey (BNSF). (Filing No. 49, ¶ 23, p. 10, Filing No. 79)

19. On June 17, 2004, Dr. Dietrich, at the request of the BNSF, filled out a Medical Status Form for Non Work Related Medical Conditions. In this form, Dr. Dietrich imposed the following restrictions on Hohn's ability to work: no walking on uneven surfaces; occasional stooping, bending and twisting; no operating vehicles or machinery; no climbing ladder or scaffold; no working on unprotected heights; occasional lifting over 20 pounds; and no task that requires a visual field exceeding 15 degrees. Dr. Dietrich recommended that Hohn work a desk job. Dr. Dietrich's opinions on the restrictions he recommended for Hohn have not changed since June 17, 2004, other than Dr. Dietrich now believes that permanent disability may be advisable. The fact that Hohn violates these restrictions in his daily life does not change Dr. Dietrich's mind as to the necessity of these restrictions. (Filing No. 49, ¶ 24, p. 11, Filing No. 79)

20. Hohn disagrees with the restrictions imposed by Dr. Dietrich and has chosen to violate each and every restriction in his everyday life. Hohn has continued to drive a vehicle and drove from his home in Hemingford, Nebraska, to the first half of his deposition in Denver, Colorado, on October 31, 2006, and from Hemingford to Alliance, Nebraska, for the second part of

6

his deposition on December 20, 2006.   (Filing No. 49, ¶ 28, p. 12, Filing No. 79)

21.    On June 21, 2004, Hohn sent a letter to the Nebraska Equal Opportunity Commission requesting protection under the Americans with Disabilities Act.   (Filing No. 49, ¶ 29, p. 12, Filing No. 79)

22.    On July 22, 2004, Sharon Clark, D.O., MHP, a BNSF Field Medical Officer in the Medical and Environmental Health Division reviewed and adopted the restrictions recommended by Dr. Dietrich.   (Filing No. 49, ¶ 30, p. 13, Filing No. 79)

23.    Calvin Hobbs concluded that Hohn's restrictions could not be accommodated in the locomotive machinist position because the essential functions of the machinist position would violate each of the restrictions imposed by Dr. Dietrich.   (Filing No. 49, ¶ 31, p. 13, Filing No. 79)

24.    On August 24, 2004, Dr. Dietrich reported to the BNSF that Hohn now had 15 degrees of peripheral vision in both eyes.   (Filing No. 49, ¶ 34, p. 14, Filing No. 79)

25.    On September 21, 2004, Hohn applied for services from the Commission for Blind and Visually Impaired.   Hohn has not sought any other type of employment or retraining as anything but a machinist. (Filing No. 49, ¶ 35, p. 14, Filing No. 79)

26.    Hohn has seen two ophthalmologist who have not disagreed with the restrictions imposed by Dr. Dietrich.   Dr. Lawler also imposed the same

restrictions on Hohn in a Fitness for Duty Form he filled out and submitted to the BNSF on April 4, 2005. (Filing No. 49, ¶ 37, p. 14, Filing No. 79)

27. On May 5, 2005, Hohn sent a letter to Dr. Clark suggesting that he be allowed to perform a field test at the BNSF Alliance facility while under observation or be allowed to work without restrictions. Hohn also suggested that he be allowed to work in D Building. (Filing No. 49, ¶ 38, p. 15, Filing No. 79)

28. Dr. Clark did not agree to allow Hohn to perform a field test, because it would violate the restrictions recommended by Dr. Dietrich and adopted by BNSF or to allow Hohn to work without the restrictions imposed. (Filing No. 49, ¶ 39, p.15, Filing No. 79)

29. Calvin Hobbs believes that it would violate the restrictions imposed on Hohn to allow Hohn to work in D Building because there is a need for more than 15 degrees peripheral vision to work in D Building, there are uneven surfaces and the potential for objects to be in an employee's path. (Filing No. 49, ¶ 40, p. 15, Filing No. 79)

30. It is Dr. Dietrich's opinion that Hohn should not be allowed to work in D Building because there are ramps, grated stepways, diamond metal casing stepways and pits. "It looks like a highly dangerous area. And here's even a picture of some fluids . . . that could be slippery. Yeah, fluids again, hoses, steps. No definitely, this would be, in my opinion, an area of great danger for him to be in and work safely with himself or among others." (Filing No. 49, ¶ 41, pp. 15-16, Filing No. 79)

8

31.    The NEOC made a finding of no reasonable cause on August 1, 2005. (Filing No. 49, ¶ 10, p. 16, Filing No. 79)

32.    Dr. Dietrich currently questions whether Hohn is able to perform a desk job given his current condition that would involve placing order of any magnitude and importance.    (Filing No. 49, ¶ 45, p. 16, Filing No. 79)

33.    There is a position for machinists working with the Transportation Support System (TSS).  The duties of this position are to enter data on a computer related to the arrival and departure of locomotives; known defects of locomotive; document the work that is done on a locomotive as it progresses through the system; and it may also include ordering parts.  In addition to these duties of the TSS position, the machinist must be able to perform any essential function that may be assigned to a machinist.  (Filing No. 49, ¶ 46, p. 16, Filing No. 79)

34.    It is not possible for BNSF to build or create a position to accommodate a disability due to the Collective Bargaining Agreement with the machinists. (Filing No. 49, ¶ 47, p. 17, Filing No. 79)

   **(C)    Controverted and Unresolved Issues.**  The issues remaining to be determined and unresolved matters for the court's attention are:

   [List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest).  Specify any special damages or permanent injuries claimed.  In any negligence action, specify elements of negligence and contributory negligence, if any.  Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

1.    Whether BNSF discriminated against Hohn in violation of 42 U.S.C. §

      12112(a) by not allowing him to return to duty at the Alliance Mechanical

      Facility after he was removed from duty on April 29, 2004.

      A.    Whether driving forklifts and other vehicles is an essential function of

            the machinist position at the BNSF Alliance Mechanical Facility.

      B.    Whether Hohn was able to perform the essential functions of the

            position of machinist at the BNSF Alliance Mechanical Facility after

            April 29, 2004, with or without a reasonable accommodation.

      C.    **Defendant** proposes: ~~"Whether any of the accommodations~~

            ~~suggested by Hohn are reasonable in view of the recommended~~

            ~~restrictions of Drs. Dietrich, and Lawler."~~

            *Whether there were reasonable accommodations available which would*
            ~~**Plaintiff** proposes:~~ "Whether BNSF failed to provide reasonable   *have*
                            *if so,*                                                 *allowed*
            accommodations to Hohn."                                                 *the 2r to*
                                                                                     *return*
      D.    If Hohn was able to perform the essential functions of the position of   *work*
                                                                                     *and*
            machinist at the BNSF Alliance Mechanical Facility with or without an

            accommodation after April 29, 2004, then whether Hohn's vision

            impairment was a motivating factor in BNSF's refusal to allow Hohn

            to return to his machinist position.

      E.    Whether allowing Hohn to work as a machinist in the BNSF Alliance

            Mechanical   Facility   Shop   with   or   without   reasonable

            accommodations posed a direct threat to the health or safety of

            Hohn or others.

      F.    Whether providing reasonable accommodations that would allow

Hohn to return to work at the BNSF Alliance Mechanical Facility would create an undue burden for BNSF.

G.    If BNSF discriminated against Hohn pursuant to 42 U.S.C. § 12112(a) by refusing to allow Hohn to return to work as a machinist at the BNSF Alliance Mechanical Facility after he was medically removed from duty on April 29, 2004, and after Drs. Dietrich and Lawler had recommended restrictions for Hohn and allowing Hohn to work in the BNSF Alliance Mechanical Facility did not pose a direct threat to the health or safety of Hohn; and providing reasonable accommodations for Hohn that would allow Hohn to perform the essential functions of his position did not create an undue burden for BNSF, then what are Hohn's actual damages related to this violation.

2.    If Hohn proves that he was discriminated against by BNSF because of his disability then whether Hohn has failed to mitigate his damages by failing to find alternative employment in a timely manner and maintain employment.

3.    Whether BNSF acted in good faith in engaging in the interactive process with Hohn.

4.    If Hohn proves that he was discriminated against by BNSF because of his disability then whether Hohn is entitled to receive compensatory damages for emotional pain.

5.    If Hohn proves that he was discriminated against by BNSF because of his disability then whether Hohn is entitled to injunctive relief, to include reinstatement to a machinist or comparable position.

6.      If Hohn proves that BNSF acted with malice or reckless disregard in violating Hohn's rights by not returning Hohn to work or by failing to provide reasonable accommodations, whether Hohn is entitled to punitive damages.

**(D)     Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by ***plaintiff***, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

[List names and complete addresses of all persons who will testify in person only. Such list shall identify those witnesses the party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, each witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived.]

**Will Call**

**FRANK HOHN**
Hemingford, NE

**ANGELA BAILEY**
Denver, CO

**DOUGLAS MILLER, GENERAL FOREMAN**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**DAN HILL**
P.O. Box 1500
Scottsbluff, NE 69363

**THOMAS W. THEUNE, O.D.**
5614 N. Union Blvd.
Colorado Springs, CO 80918

12

**CALVIN HOBBS**
Kansas

**SCOTT MILLER, GENERAL FOREMAN**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**May Call**

**KARA HANSON, O.D.**
Rocky Mountain Eye Institute
1675 N. Ursula Street
P.O. Box 6510
Aurora, CO 80045

**JIM HUFFSTUTLER-former Alstom Supervisor**

**BRUCE PETERSON**
**DOUG EITLER**
**DAN TRICKLER**
**DENNIS CLARK**
**AL CHANNEL**
**EARL TOM HOOD**
**CHAD BUSCHOW**
**MIKE MEES**
**SCOTT MUTCHIE**
**JIM KARELL**
**RAY HORSLEY**
**MIKE LENHART**
**PAUL LESEBERG**
**CRAIG DINKEL**
**G.O. THOMPSON**
**DENNIS CLARK**
**RICH SCHAECKLE**
**TERRY STARKE**
**BRIAN HAUPTMAN**
**ROY SHINN**
**JIM BONSALL**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**SHARON CLARK, DO, MPH, FIELD MEDICAL OFFICER**
BNSF Railway Company
AOB-GL
2500 Lou Menk Drive
Ft. Worth, TX 76131-2828

**JACK WILSON**
Alliance, NE

**REGINALD HENDERSON**

**PAMELA SHERLOCK**
BNSF Railway Company
OOB-GL
2500 Lou Menk Drive
Ft. Worth, TX 76131-2828

**PAUL RABEN**
**DALE JOHNSON**
**CHERYL DASHER**
**MATT JAMES**
Alliance, NE

**JOHN CHIZEK**
Chadron, NE

**CHUCK KROUSE**
Greenwood Village


All witnesses expected to be called to testify by *defendant*, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

**WILL CALL**

**FRANK HOHN**
Plaintiff

**DOUGLAS MILLER, GENERAL FOREMAN**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301
(308) 763-2454

**SHARON CLARK, DO, MPH, FIELD MEDICAL OFFICER**
BNSF Railway Company
AOB-GL
2500 Lou Menk Drive
Ft. Worth, TX 76131-2828

**ROBERT DIETRICH, O.D.**
Alliance Vision Center
515 Niobrara Street
Alliance, NE 69301

**CECELIA DEICHERT, LOCOMOTIVE SUPERVISOR**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**BRUNO SOTO, SHOP SUPERINTENDENT**
BNSF Railway Co.
Alliance Mechanical Faiclity
500 West Kansas Avenue
Alliance, NE

**CHAD BUSCHOW, PIPEFITTER**
BSNF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**JOHN GEOFFREY SLINGSBY, M.D.**
Slingsby & Wright Eye Care
240 Minnesota Street
Rapid City, SD 57701

**MAY CALL**

**CALVIN HOBBS, FORMER SHOP SUPERINTENDENT**
Kansas

**C. WES HODGSON, FIRST LINE SUPERVISOR**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**JOHN CHIZEK, (FORMER) GENERAL FOREMAN**
Chadron, NE

15

**JENNIFER CRAWFORD, SUPERVISOR MECHANICAL**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**SCOTT MILLER, GENERAL FOREMAN**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**JIM HUFFSTATLER, FORMER ALSTOM SUPERVISOR**
**BRUCE PETERSON, FORMER ALSTOM SUPERVISOR**

**DOUG EITEL, ELECTRICIAN**
**DAN TRICKLER, MACHINIST**
**BRIAN HAUPTMANN, ELECTRICIAN**
**MIKE LENHART, MACHINIST**
**TODD TIENSVOLD, MACHINIST**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301

**ALVA CHANNEL, LOCAL CHAIRMAN**
IAM LL602
Alliance, NE 69301

**ANGELA BAILEY, (FORMER) REGIONAL DIRECTOR**
**MEDICAL & ENVIRONMENTAL HEALTH**
P.O. Box 17805
Denver, CO 80217

**JAMES F. LAWLER, MD**

**JOHN J. HERLIHY, MD**
2820 Mount Rushmore Rd.
Rapid City, SD 57701

**DAN HILL**
Nebraska Commission for the Blind & Visually Impaired
4500 Avenue "I"
Box 1500
Scottsbluff, NE 69363

**JACK WILSON, FORMER GENERAL FOREMAN III**
Alliance, NE 69301

16

**YVONNE GARBER, BNSF FIELD REGIONAL MANAGER**
**MEDICAL AND ENVIORNMENTAL HEALTH**
Denver, CO 80202

**MIKE LIDMILLA, MACHINIST**
Colorado

**RICK STAUFFER, SHOP SUPERINTENDENT**
BNSF Railway Company
Havelock Shops
Lincoln, NE

**GAYLE TIENSVOLD, FORMER SUPERVISOR**
Alliance, NE 69301

**EILEEN WARNER, BNSF FIELD REGIONAL MANAGER**
**MEDICAL AND ENVIORNMENTAL HEALTH**
201 North 7th Street
Lincoln, NE   68508

**BECKY MCMILLEN**
Digital Productions
80242 North Street
Scottsbluff, NE 69361

**MARTY JONES**
BNSF Railway Company
500 West Kansas Avenue
Alliance, NE 69301
(308) 763-2251

**SARA O'ROURKE, Driver's License Services Administrator**
Department of Motor Vehicles,
301 Centennial Mall South
Lincoln, NE 68509

**CINDA BEATTY, SPECIAL PROJECTS & SCHEDULED BENEFITS**
BNSF Railway Company
2500 Lou Menk Drive
Ft. Worth, TX 76131-2828

**JENNIE NYP, ASSISTANT MANAGER NON-OP & MECHANICAL SUPPORT**
G-Mechanical Support (Manpower & Timekeeping)
BNSF Railway Company
9205 E. Quincy St.
Topeka, KS 66612-1116

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)    **Expert Witnesses' Qualifications.**    Experts to be called by *plaintiff* and their qualifications are:

**Thomas Theune, O.D.,** Optometrist

**Kara Hanson, O.D.,** Optometrist

**Dan Hill,** Rehabilitation Counselor for the Nebraska Commission for Blind and Visually Impaired. Defendant's Motion in Limine is currently pending as to Hill's qualifications to testify as an expert witness. (Filing No. 156).

**Angela Bailey,** Former BNSF Regional Manager for Medical and Environmental Health. Defendant's Motion in Limine is currently pending as to Bailey's qualifications as an expert. (Filing No. 156).

[Set out the qualifications of each person expected to be called as an expert witness. A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

Experts to be called by *defendant* and their qualifications are:

**Robert Dietrich, O.D.,** Optometrist

**John Geoffrey Slingsby, M.D.,** Board Certified Ophthalmologist. Plaintiff's Motion to Exclude the Expert Testimony of Dr Slingsby is currently pending as to Dr Slingsby's qualifications to testify as an expert witness (Filing No. 163).

**Sharon Clark, O.D., MPH,** physician, board certified in occupational medicine

[Same instructions as above.]

**(F)    Depositions and Other Discovery Documents.**   The *plaintiff* expects to offer the following depositions and other discovery documents as part of the plaintiff's case-in-chief:

Videotaped Deposition of Calvin Hobbs (I): 5:6-19; 8:18-33:15; 35:6-15; 36:1-6: 45:19-24; 46:10-24; 50:3-15; 60:3-13; 61:10-17; 64:15-65:6; and 72:17-73:11.

Videotaped Deposition of Calvin Hobbs (II): pp. 3-25.

Videotaped Deposition of Jack Wilson: 4:20-7:16; 10:22-16:17; 20:13-16; 21:1-6; 21:1-6; 23:12-16; 27:21-28:5; 28:13--29:24; 31:17-20; 33:6-15; 41:1-6; and 42:7-23.

Videotaped Deposition of Douglas Miller: 8:19-9:11; 11:8-29:4; 34:25-40:14; 40:15-42:16;   43:11-50:18;   51:21-52:24;   52:25-53:7;   53:23-55:16;   58:25-59:18; 61:18-62:16; 74:4-80:25; 75:2-20; 85:20-85:16; 97:24-99:13; and 100:6-19.

Videotaped Deposition of Angela Bailey: pp. 1-22; 23:1-24:25; 26:8-28:1; 49:23-50:13; 53:22-57:16; 57:4-58:16; 96:14-98:9; 116:2-5; and 120:23-121:6.

Videotaped Deposition of Scott Miller: 11:21-20:19; 16:6-17; 31:15-32:6; 13:12-14:8; 25:16-26:10; 32:7-33:7; 33:8-34:15.

Deposition of Daniel Swanson: 5:7-22; and 8:12-35:19.

Deposition of Trent Tinsely: 5:4-20:8.

**Objections by the defendant are:**

Defendant's Objections to Videotaped Deposition of Calvin Hobbs (I): 33:12-15 and 45:22-24 Completeness objection, citation only include the questions and not Hobbs' answers, Hobbs' answers should be included; 60:3-5, relevancy, it is unclear what

19

situation is being addressed in the question; 60:6-13, relevancy as to reference to hotline complaint, retaliation complaint has been dismissed.

Defendant's Objections to Videotaped Deposition of Calvin Hobbs (II):   3:1-5:2; 16:8-17:12; 17:25-11; and 22:18-24:4; Rule 403, includes procedural discussion that would be confusing for the jury; 27:13-25, object on lack of foundation; and 24:5-25:20, object on relevancy and foundation as it relates to exhibit 127.

Defendant's Objections to Videotaped Deposition of Jack Wilson: 6:17-7:16, object on relevancy and unfairly prejudicial to defendant.

Defendant's Objections to Videotaped Deposition of Douglas Miller: 8:19-9:11, relevancy, Rule 403, confusing for the jury; 23:14-18 and 24:4-5, object on foundation; 28:5-29:4, object on relevancy and Rule 403 unduly prejudicial and confusing for the jury; 40:21-41:4; and 79:20-22, form of the question.

Defendant's Objection to Videotaped Deposition of Angela Bailey: 1:1-6:23; Rule 403, procedural discussion will be confusing for the jury; 7:7-9:9; on relevancy; 13:18-14:6, on relevancy; 15:10-17:2, relevancy; 22:14-23:24, form of the question, foundation; 24:12-25, relevancy, foundation; 50:3-13: foundation; 53:22-54:1, form of the question, relevancy; 54:18-56:2; hearsay; 56:3-15; form of the question, calls for speculation; 57:5-16; hearsay; 57:17-24, foundation; 58:12-16; rule of completeness, doesn't include all of Bailey's response; 96:14-23; form of the question and lack of foundation; 116:2-5; hearsay; and 120:23-121:6, hearsay, foundation

Defendant's Objection to Videotaped Deposition of Scott Miller: 13:24-14:5, relevancy; 14:9-17:17; relevancy; 18:5-19:11; relevancy; 19:20-20:7; Rule 403, unduly

confusing to the jury; 20:8-19; relevancy; 26:24-27:4; relevancy; 27:5-10; hearsay;

33:24-34:6; relevancy; and 34:21-25; relevancy.

Defendant's Objection to Videotaped Deposition of Daniel Swanson: 18:20-20:20;

relevancy; 28:11-22, relevancy; 30:18-23; lack of foundation; and 35:11-19 relevancy.

Defendant's Objection to Videotaped Deposition of Trent Tinsely: 5:18-7:9;

relevancy; and 17:1-13; relevancy.

Caution: Objections not so disclosed, other than objections under Federal Rules of

Evidence 402 and 403, shall be deemed waived unless excused by the court for

good cause shown.

The **defendant** expects to offer the following depositions and other discovery documents

as part of the defendant's case-in-chief:

Plaintiff's Answers to Interrogatories Nos. 5 and 13 dated September 15, 2006.

Plaintiff's Responses to Request for Production of Documents, dated September 15, 2006, Nos. 6, 7 and 16.

Plaintiff's Supplemental Responses contained within Scott LaBarre's Letter dated September 24, 2010, as to Answers to Interrogatories Nos. 5 and 13, and Request for Production of Documents Nos. 6, 7, and 16.

Any supplemental responses to discovery responses Plaintiff may provide in response to Order to Compel (Filing No. 183).

The following portions of Robert Dietrich, O.D.'s deposition: 4:7-10:9; 11:4-24; 13:21-25:9; 25:17-42:15; 44:9-45:16; 47:15-25; 49:6-50:3; 53:3; and 54:4-6.

The following portions of Angela Bailey's deposition:9:19-10:2; 10:24-11:13; 11:19-21; 14:7-15:9; 20:7-10; 20:11-22:13; 27:12-28:1; 28:2-29:6; 30:15-34:10; 39:2-43:1; 44:10-48:5; 49:4-50:1; 50:18-52:9; 60:9-15; 60:20-62:15; 63:13-66:9; 68:24-70:1; 70:7-17; 74:10-24; 87:15-24; and 116:14-118:16.

The following portions of Calvin Hobbs' deposition on April 18, 2007: 5:1-18; 8:18-17:7; 18:16-22:7; 22:17-23:14; 23:19-29:12; 30:1-31:12; 31:20-33:3; 39:4-44:18; 45:6-18; 46:1-18; 49:9-50:2; 50:23-51:12; 52:3-21; 53:6-54:15; 61:18-64:14; 66:6-13; 67:10-68:5; 72:25-73:6; 79:20-80:1; and 85:23-86:5.

The following portions of Jack Wilson's deposition: 3:21-5:17; 6:1-11; 6:14-16; 9:20-10:8; 15:20-17:7; 18:7-21; 20:3-12; 20:1-7; 21:15-23:12; 23:25-25:6; 28:25-29:10; 29:18-30:4; 33:9-17; 39:22-40:25; and 41:10-20.

The following portions of Dan Swanson's deposition: 4:25-5:22; 10:13-22; 12:7-13:10; 14:11-23; 22:13-22; 23:15-24:19; 25:6-12; 25:17-26:8; 26:20-27:3; 27:14-28:10; 30:1-17; and 31:2-15.

Objections by the *plaintiff* are:

16:15-17:6, foundation and speculation as to what Mr. Hohn can actually see.

22:10-23:2, relevance of anything having to do with Mr. Hohn's driver's license as well as speculation and foundation regarding Dietrich's reasons not to take action on Mr. Hohn's license.

**(G)   Voir Dire.**   Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

That the Voir Dire be conducted by both the court and the parties.

**(G)   Number of Jurors.**   Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of 12 members.

**(H)   Verdict.**   The parties will not stipulate to a less-than-unanimous verdict.

**(I)   Briefs, Instructions, and Proposed Findings.**   Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

That the trial briefs and jury instructions be due three working days before trail.

[Unless otherwise ordered, trial briefs, proposed jury instructions, and proposed findings of fact shall be filed five (5) working days before the first day of trial.]

**(J)   Length of Trial.**   Counsel estimate the length of trial will consume not less than 4 days, not more than 5 days, and probably about 5 days.

**(K)** **Trial Date.** Trial is set for December 13, 2010.


FRANK HOHN, Plaintiff,


By:

Scott C. LaBarre
1660 South Albion Street, Suite 918
Denver, CO 80222
Voice: 303 504-5979
Fax: 303 757-3640
slabarre@labarrelaw.com


BNSF RAILWAY COMPANY, A Delaware
Corporation, Defendant


By:

Thomas C. Sattler - #16363
Melanie J. Whittamore-Mantzios - #18883
WOLFE, SNOWDEN, HURD,
   LUERS & AHL, LLP
Suite 830, Wells Fargo Center
1248 "O" Street
Lincoln, NE   68508
(402) 474-1507
tsattler@wolfesnowden.com
mmantzios@wolfesnowden.com


BY THE COURT:

Cheryl R. Zwart, U.S. Magistrate Judge

# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

FRANK P. HOHN,                               )
                                             )
               Plaintiff,                   )
                                             )
          v.                              )       **LIST OF EXHIBITS**
                                             )
                                             )       **Case Number: 8:05-cv-00552-LES-CRZ**
BNSF RAILWAY COMPANY                         )       **Courtroom Deputy:**
                                             )       **Court Reporter:**
                                             )
                                             )
                                             )
            Defendant.                   )

Trial Date(s): 12/13/10

**EXHIBIT NO.**

| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | | | Resume | | | | | |
| 2 | | | 8/22/06 Safety Communication | | | | | |
| 3 | | | 4/17/04 Written Statement | | F,R,H | | | |
| 4 | | | State of Nebraska Application for Services | | | | | |
| 5 | | | Career Decision-making System | | F,R, H | | | |
| 6 | | | Frank Hohn correspondence to Dr. Sharon Clark | | O-dup. E. 80 | | | |
| 7 | | | Frank Hohn handwritten correspondence | | | | | |
| 8 | | | Bulletin Bid | | H, F,R | | | |
| 9 | | | Burlington Northern Santa Fe Railway Alliance North Yards-Facility Diagram | | | | | |
| 10 | | | Bulletin bid | | | | | |
| 11 | | | Drawing | | H,R,F | | | |
| 12 | | | Color photograph of BNSF Alliance site | | | | | |
| 13 | | | Color photograph of BNSF Alliance site | | | | | |
| 14 | | | Color photograph of BNSF Alliance site | | | | | |
| 15 | | | Color photograph of BNSF Alliance site | | | | | |
| 16 | | | Color photograph of BNSF Alliance site | | | | | |
| 17 | | | Color photograph of BNSF Alliance site | | | | | |
| 18 | | | Color photograph of BNSF Alliance site | | | | | |
| 19 | | | Color photograph of BNSF Alliance site | | | | | |
| 20 | | | Color photograph of BNSF Alliance site | | | | | |
| 21 | | | Color photograph of BNSF Alliance site | | | | | |
| 22 | | | Color photograph of BNSF Alliance site | | | | | |

1

| 23 | | | Color photograph of BNSF Alliance site | | | | | |
|----|---|---|----------------------------------------|---|---|---|---|---|
| 24 | | | Color photograph of BNSF Alliance site | | | | | |
| 25 | | | Color photograph of BNSF Alliance site | | | | | |
| 26 | | | Color photograph of BNSF Alliance site | | | | | |
| 27 | | | Color photograph of BNSF Alliance site | | | | | |
| 28 | | | Color photograph of BNSF Alliance site | | | | | |
| 29 | | | Color photograph of BNSF Alliance site | | | | | |
| 30 | | | Color photograph of BNSF Alliance site | | | | | |
| 31 | | | Color photograph of BNSF Alliance site | | | | | |
| 32 | | | Color photograph of BNSF Alliance site | | | | | |
| 33 | | | Color photograph of BNSF Alliance site | | | | | |
| 34 | | | Color photograph of BNSF Alliance site | | | | | |
| 35 | | | Color photograph of BNSF Alliance site | | | | | |
| 36 | | | Color photograph of BNSF Alliance site | | | | | |
| 37 | | | Color photograph of BNSF Alliance site | | | | | |
| 38 | | | Color photograph of BNSF Alliance site | | | | | |
| 39 | | | Color photograph of BNSF Alliance site | | | | | |
| 40 | | | Color photograph of BNSF Alliance site | | | | | |
| 41 | | | Color photograph of BNSF Alliance site | | | | | |
| 42 | | | Color photograph of BNSF Alliance site | | | | | |
| 43 | | | Color photograph of BNSF Alliance site | | | | | |
| 44 | | | Color photograph of BNSF Alliance site | | | | | |
| 45 | | | Color photograph of BNSF Alliance site | | | | | |
| 46 | | | Color photograph of BNSF Alliance site | | | | | |
| 47 | | | Color photograph of BNSF Alliance site | | | | | |
| 48 | | | Color photograph of BNSF Alliance site | | | | | |
| 49 | | | Color photograph of BNSF Alliance site | | | | | |
| 50 | | | Color photograph of BNSF Alliance site | | | | | |
| 51 | | | Color photograph of BNSF Alliance site | | | | | |
| 52 | | | Color photograph of BNSF Alliance site | | | | | |
| 53 | | | Color photograph of BNSF Alliance site | | | | | |
| 54 | | | Color photograph of BNSF Alliance site | | | | | |
| 55 | | | Color photograph of BNSF Alliance site | | | | | |
| 56 | | | Color photograph of BNSF Alliance site | | | | | |
| 57 | | | Color photograph of BNSF Alliance site | | | | | |
| 58 | | | Color photograph of BNSF Alliance site | | | | | |
| 59 | | | Color photograph of BNSF Alliance site | | | | | |
| 60 | | | Color photograph of BNSF Alliance site | | | | | |
| 61 | | | Color photograph of BNSF Alliance site | | | | | |
| 62 | | | Color photograph of BNSF Alliance site | | | | | |
| 63 | | | Color photograph of BNSF Alliance site | | | | | |
| 64 | | | Medical records provided by Dr. Dietrich | | | | | |
| 65 | | | Medical Status Form | | | | | |
| 66 | | | Medical Status Form | | | | | |
| 67 | | | Work status form | | | | | |
| 68 | | | Charge of Discrimination | | | | | |

| 69 | | | Employment Application, Interview Guide, etc. | | | | | |
|----|--|--|-----------------------------------------------|--|----------------------------------|--|--|--|
| 70 | | | Notes, five pages | | O-dup. of Ex. 94 | | | |
| 71 | | | Fitness For Duty Recommendation, 7-14-04 | | | | | |
| 72 | | | Dr. Dietrich's report, 6-17-04 | | | | | |
| 73 | | | Clark letter to Hohn, 7-14-04 | | | | | |
| 74 | | | Hohn letter to Clark, 7-20-04 | | | | | |
| 75 | | | Clark letter to Hohn, 7-22-04 | | | | | |
| 76 | | | Fitness For Duty Recommendation, 7-22-04 | | | | | |
| 77 | | | Hohn letter to Clark, 7-30-04 | | | | | |
| 78 | | | Clark letter to Hohn (undated) | | | | | |
| 79 | | | Statement of Current Work Status, 3-31-05 | | | | | |
| 80 | | | Hohn letter to Clark, 5-2-05 | | | | | |
| 81 | | | Clark letter to Hohn, 5-11-05 | | | | | |
| 82 | | | Hohn letter to Clark, 5-31-05 | | | | | |
| 83 | | | Statement of Current Work Status, 9-8-05 | | | | | |
| 84 | | | Declaration of Calvin L. Hobbs | | H, F, R | | | |
| 85 | | | E-mail regarding Safety Concern Hotline dated April 21 and April 27, 2004 | | H,F, R | | | |
| 86 | | | Supervisor's Worksheet | | O-Incomplete-same as Ex. 90 | | | |
| 87 | | | Document regarding safety complaint dated April 20, 2004 | | H,R,F | | | |
| 88 | | | Document regarding safety complaint dated May 3, 2004 | | H,R,F | | | |
| 89 | | | E-mail regarding Safety Concern Hotline dated May 3 and May 7, 2004 | | H,R,F | | | |
| 90 | | | Supervisor's Worksheet | | | | | |
| 91 | | | Interview, dated 4/11/05 | | H,R,F | | | |
| 92 | | | Letter dated October 25, 2004, from E. Taylor to Barbara Albers | | H,R,F | | | |
| 93 | | | Declaration of D. Miller | | H,R,F | | | |
| 94 | | | Compilation of OPUS notes | | | | | |
| 95 | | | Interview by Investigator Roberta Nazarenus | | H,R,F | | | |
| 96 | | | Supervisor's worksheet | | Same as Ex. 90 | | | |
| 97 | | | Letter, Theune to LaBarre | | H,R,F | | | |
| 98 | | | Letter dated 9.17.07, LaBarre to Whittamore-Mantzios | | H,R,F | | | |
| 99 | | | 2001 Through 2007 Shop Incidents by | | H,R,F | | | |

3

|     |  |  |                                          |  |            |  |  |
| --- |---|---|------------------------------------------|---|------------|---|---|
|     |  |  | injury                                   |  |            |  |  |
| 100 |  |  | 2001 Through 2007 Shop Incidents by shop |  | H,R,F      |  |  |
| 101 |  |  | Safety Data Information for BNSF         |  | H,R,F      |  |  |
| 102 |  |  | CCR OF 1-24-05                           |  | H,F,R      |  |  |
| 103 |  |  | LETTER OF 2-8-05                         |  | H,R,F.     |  |  |
| 104 |  |  | CCR OF 7-6-05, ET AL.                    |  | H,F,R      |  |  |
| 105 |  |  | MEDICAL STATUS FORM                      |  | Same as Ex. 65 |  |  |
| 106 |  |  | MEDICAL STATUS FORM                      |  |            |  |  |
| 107 |  |  | CCR OF 10-29-04                          |  | H,R.R      |  |  |
| 108 |  |  | CCR OF 11-22-04                          |  | H,F,R      |  |  |
| 109 |  |  | PHONE CONTACT OF 12-27-04                |  | H,F,R      |  |  |
| 110 |  |  | CCR OF 12-13-04, ET AL.                  |  | H,F,R      |  |  |
| 111 |  |  | CCR OF 1-24-05                           |  | H,F,R, O same as Ex. 102 |  |  |
| 112 |  |  | CCR OF 2-2-05, ET AL.                    |  | H,F,R      |  |  |
| 113 |  |  | CCR OF 3-31-05                           |  | H.F,R      |  |  |
| 114 |  |  | CCR OF 5-24-05                           |  | H,R,F      |  |  |
| 115 |  |  | CCR OF 6-13-05                           |  | H,F,R      |  |  |
| 116 |  |  | CCR OF 6-28-05                           |  | H,F,R      |  |  |
| 117 |  |  | CCR OF 7-6-05, ET AL.                    |  | H,F,R,O same as Ex. 104 |  |  |
| 118 |  |  | CCR OF 8-5-05, ET AL.                    |  | H,F,R      |  |  |
| 119 |  |  | CCR OF 9-20-05                           |  | H,F,R      |  |  |
| 120 |  |  | CCR OF 10-25-05, ET AL.                  |  | H,F,R      |  |  |
| 121 |  |  | CCR OF 12-16-05, ET AL                   |  | H,F,R      |  |  |
| 122 |  |  | CCR OF 1-11-06                           |  | H,R,F      |  |  |
| 123 |  |  | CCR OF 2-28-06                           |  | H,F,R      |  |  |
| 124 |  |  | CCR OF 4-12-06, ET AL.                   |  | H,F,R      |  |  |
| 125 |  |  | CCR OF 5-16-06                           |  | H,F,R      |  |  |
| 126 |  |  | CCR OF 5-12-06                           |  | H,F,R      |  |  |
| 127 |  |  | CCR OF 7-6-06, ET AL.                    |  | H,F,R      |  |  |
| 128 |  |  | CCR OF 8-30-06                           |  | H,F,R      |  |  |
| 129 |  |  | CCR OF 11-14-06                          |  | H,F,R      |  |  |
| 130 |  |  | CCR OF 1-12-07, ET AL.                   |  | H,F,R      |  |  |
| 131 |  |  | CCR OF 12-13-06                          |  | H,F,R      |  |  |
| 132 |  |  | REVIEW OF 2-5-07                         |  | H,F,R,     |  |  |
| 133 |  |  | CCR OF 3-1-07, ET AL.                    |  | H,F,R      |  |  |
| 134 |  |  | CCR OF 4-17-07                           |  | H,F,R      |  |  |
| 135 |  |  | CCR OF 5-23-07                           |  | H,F,R      |  |  |
| 136 |  |  | CCR OF 6-11-07                           |  | H,F,R      |  |  |
| 137 |  |  | CCR OF 7-12-07                           |  | H,F,R      |  |  |
| 138 |  |  | CCR OF 8-21-07                           |  | H,F,R      |  |  |

4

| 139 | | | CCR OF 9-12-07 | | H,F,R | | | |
| 140 | | | CCR OF 10-7-07, ET AL. | | H,F,R | | | |
| 141 | | | LETTER OF 12-20-04 | | H,F,R | | | |
| 142 | | | LETTER OF 4-4-05 | | | | | |
| 143 | | | LETTER OF 8-15-05 | | | | | |
| 144 | | | CERT. OF ELIGIBILITY FORM | | | | | |
| 145 | | | DECLARATION | | H,F,R,M | | | |
| 146 | | | LETTER OF 9-12-07 | | H,F,R | | | |
| 147 | | | UNDATED LETTER | | H,F,R | | | |
| 148 | | | LETTER OF 10-9-07 | | H,F,R | | | |
| 149 | | | NOTE OF 5-14-07 | | H,F | | | |
| 150 | | | Letter to Dr. Slingsby from Sharon Clark, dated 6-1-10 Re: Independent medical exam | | H,F | | | |
| 151 | | | Letter to Dr. Slingsby from Ms. Whittamore-Mantzios, dated 07-16-10. | | H,F | | | |
| 152 | | | Letter to Ms. Whittamore-Mantzios From Dr. Slingsby, dated 07-19-10 | | H,F | | | |
| 153 | | | Document entitled, "The Role Of the Low Vision Specialist In Serving the Visually Impaired," dated 02-07-10 | | H,F,R | | | |
| 154 | | | Record of eye exam, Dated 06-06-10 | | | | | |
| 155 | | | Letter to Mr. LaBarre from Mr. Theune, no date | | H,F,R | | | |
| 156 | | | Functional vision evaluation from University of Colorado, dated 11-18-08 | | H,F | | | |
| 157 | | | Goldmann visual field test report from Rocky Mountain Lions Eye Institute, dated 01-15-09 | | H,F,R | | | |
| 158 | | | Orientation and mobility Evaluation, dated 10-09-07 | | H,F,R | | | |
| 159 | | | Addendum to orientation and Mobility evaluation, dated 10-25-07 | | H,F,R | | | |
| 160 | | | Letter to Dr. Slingsby from Mr. Hohn, dated 06-11-20 | | H,F, | | | |
| 161 | | | Statement of job awareness From BNSF | | | | | |
| 162 | | | Letter to Ms. Whittamore-Mantzios From Dr. Slingsby, dated 06-07-10 | | | | | |
| 163 | | | Kara Hanson, O.D., Curriculum Vitae | | | | | |
| 164 | | | Document entitled, "The role of the low vision specialist in serving the visually impaired," 2/17/10 | | H,F | | | |
| 165 | | | University of Colorado Hospital medical records | | H,F | | | |
| 166 | | | Letter to Whittamore-Mantzio from Slingsby, 6/7/10 | | H,F | | | |
| 167 | | | Curriculum Vitae (Theune) | | | | | |

5

| 168 | | | Letter to LaBarre from Theune | | H,F | | | |
| 169 | | | Medical Status Form, 9/13/07 | | H,F | | | |
| 170 | | | Amsler Recording Chart, O.D. | | H,F | | | |
| 171 | | | Amsler Recording Chart, O.S. | | H,F | | | |
| 172 | | | "Period History Village of Hemingford," 9/8/2010 | | | | | |
| 173 | | | 7.22.10 Video of Repair Facility | | | | | |
| 174 | | | BNSF Mechanical Safety Rules: July 24, 2009; Rule S-1.4.6 | | | | | |

**OBECTIONS**

    **R: Relevancy**

    **H: Hearsay**

    **A: Authenticity**

    **O: Other (specify)**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Melanie J. Whittamore-Mantzios
WOLFE, SNOWDEN, HURD, LUERS & AHL, LLP
Suite 830 Wells Fargo Center
1248 "O" Street
Lincoln, NE  68508


                                        s/ Scott C. LaBarre

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

FRANK HOHN,          )      **Case No. 8:05CV552**

      Plaintiff,     )

      vs.           )   **DEFENDANT'S AMENDED EXHIBIT LIST**

BNSF RAILWAY COMPANY,   )    **Courtroom Deputy:**
                             )    **Court Reporter:**

      Defendant.    )

Trial Date(s): December 13, 2010

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **PLF** | **DF** | **3 PTY** | **DESCRIPTION** | **OFF** | **OBJ** | **RCVD** | **NOT RCVD** | **DATE** |
| | 175 | | Patient Information filled out by plaintiff for Mel Yancy, D.C., dated 12-24-96 | | R, A | | | |
| | 176 | | Hohn's Application for Employment with the BNSF (included in Plaintiff Depo. Ex. 1, 10-31-06) | | | | | |
| 1 | 177 | | Hohn's Resume (Plaintiff Depo. Ex. 1, 10-31-06) | | | | | |
| 2 | 178 | | Safety Communication from Shop Superintendent Stauffer dated 8-22-06 (Plaintiff Depo. Ex. 2, 10-31-06) | | | | | |
| 9 | 179 | | Diagram of Alliance Mechanical Facility (Plaintiff Dep. Ex. 21, 10-31-06 and 12-20-06) | | | | | |
| 69 | 180 | | Panel Interview Guide dated 11-8-97 (Sherlock Dep. Ex. 95, 4-9-07 | | | | | |

| | 181 | Hohn's Medical Examination Questionnaire dated 12-1-97 | | R | | | |
| | 182 | Letter dated 1-6-98 from Dr. Khuri with handwritten note from Dr. Dietrich | | R | | | |
| | 183 | Plaintiff's Fitness for Duty Recommendation Form dated 12-11-03 | | R | | | |
| | 184 | Motor Vehicle Accident Report dated 8/26/03 (Dep. Ex. 3, 10-31-06) | | R, O-P, C | | | |
| | 185 | 2 Photos of area where plaintiff fell 12/11/03 | | R, O-P | | | |
| 86 (2nd page) | 186 | Supervisor Report of Injury 12-12-03 (Wilson Depo. Ex. 122) | | R | | | |
| | 187 | Fitness for Duty Recommendation dated 3/8/04 | | R | | | |
| 84 | 188 | Doug Miller Memo undated | | | | | |
| 84 | 189 | 4-25-04 Note from Jennifer Crawford (Hobbs Dep. Ex. 110, 4-18-07) | | H | | | |
| 84 | 190 | 4-20-04 Note from Cecilia Deichert (Hobbs Dep. Ex. 110, 4-18-07) | | H | | | |
| 84 | 191 | Withheld From Service letter dated 4-26-04 | | | | | |
| 64 (all Dietrich's records | 192 | Dr. Dietrich's exam records related to Plaintiff's appointments on 5-10-04 and 5-13-04 (Dietrich Dep. Ex. 90) | | | | | |
| 84 (last page) | 193 | Letter from Calvin Hobbs to Plaintiff dated June 2, 2004 | | | | | |

| 72 | 194 | | Medical Status Form for Non-Work Related Medical Conditions by Dr. Dietrich dated 6-17-04 with handwritten note (Dietrich Dep. Ex. 91) | | | | | |
| 7 | 195 | | Letter dated 6-29-04 from Frank Hohn to unknown recipient | | | | | |
| | 196 | | Letter dated 7-7-04 from Hobbs to Plaintiff re: absence of leave (NEOC file) | | | | | |
| 73 | 197 | | Letter dated 7-14-04 from Clark to plaintiff re: work restrictions (Clark's dep. Ex. 99, 4-9-07) | | | | | |
| | 198 | | Dietrich's Supplemental Doctor Statement dated 7-17-04 (NEOC file) | | | | | |
| 74 | 199 | | Letter dated July 20, 2004 from Plaintiff to Clark (Clark Dep. Ex. 100, 4-9-07) | | | | | |
| 75 | 200 | | Letter dated 7-22-04 from Clark to Plaintiff (Clark Dep. Ex. 101, 4-9-07) | | | | | |
| 76 | 201 | | Amended Fitness for Duty Recommendation dated 7-22-04 signed by Clark (Clark Dep. Ex. 102, 4-9-07) | | | | | |
| 77 | 202 | | Letter dated 7-30-04 to Clark from Plaintiff (Clark Dep. Ex. 103, 4-9-07) | | | | | |
| 78 | 203 | | Undated Letter to Plaintiff from Clark in response to Plaintiff's letter dated 7-30-04 (Clark Dep. Ex. 104, 4-9-07) | | | | | |

| 68 | 204 | | Plaintiff's NEOC/EEOC charge against the BNSF 8-11-04 (Plaintiff's Depo Ex. 94, 12-20-06) | | | | | |
| 64 (part of) | 205 | | Dietrich's record of 8-17-04 eye appointment with Plaintiff, (Dietrich's Dep. Ex. 91) | | | | | |
| 66 | 206 | | Medical Status Form for Non Work Related Medical Conditions dated 8-24-04 by Dietrich (Dietrich Dep. Ex. 92) | | | | | |
| 4 | 207 | | Plaintiff's Application for the Services of the Commission for the Blind and Visually Impaired dated 9-3-04 (Plaintiff's Depo Ex. 6, 12-20-06) | | | | | |
| 64 | 208 | | Deitrich's record of 10-19-04 of eye appointment with the Plaintiff | | | | | |
| | 209 | | Letter dated 10-19-04 to Plaintiff from Dietrich | | | | | |
| | 210 | | Medical Status Form for Non Work Related Medical Conditions dated 10-19-04 by Dietrich | | | | | |
| | 211 | | Jaime Lawler, M.D.'s Record of Appointment with Plaintiff on 12-16-04 | | | | | |
| | 212 | | Letter dated 12-16-04 from Lawler to Dietrich | | | | | |
| | 213 | | Lawlor record of appointment with Plaintiff dated 12-20-04 (Plaintiff's Dep. Ex. 89, attached pages, 12-20-06) | | | | | |

| | 214 | | Letter dated 12-20-04 from Lawler to Dan Young, N.D. (Plaintiff's Dep. Ex. 89, 12-20-06) | | | | | |
|---|---|---|---|---|---|---|---|---|
| 79 | 215 | | Statement of Current Work Status dated 3-31-05 by Dr. Clark, (Clark Dep. Ex. 105) | | | | | |
| 83 | 216 | | Statement of Current Work Status dated 9-8-05 by Dr. Clark, (Clark Dep. Ex. 109) | | | | | |
| | 217 | | Title 247 of the Nebraska Administrative Code-Certified Copy (Sum. Jd. E. 5) | R | | | | |
| | 218 | | Collective Bargaining Agreement 10-1-06 between BNSF and IAMAW | | | | | |
| | 219 | | BNSF EEOC Policy | | | | | |
| | 220 | | Medical Status Form for Non Work Related Medical Condition dated 4-4-05 completed by Lawler | | | | | |
| 80 | 221 | | Letter dated 5-2-05 from Plaintiff to Clark (Clark Dep. Ex. 106, 4-9-07) | | | | | |
| 81 | 222 | | Letter dated 5-11-05 from Clark to Plaintiff (Clark Dep. Ex. 107, 4-9-07) | | | | | |
| 82 | 223 | | Letter dated 5-31-05 from Plaintiff to Clark (Clark Dep. Ex. 108) | | | | | |
| 143 | 224 | | Letter dated 8-15-05 from Dr. Herlihy to Dan Hill with field analysis for Plaintiff (Hill Dep. Ex. 144 | | | | | |
| 64 | 225 | | Eye care examination form from Dr. Dietrich for Plaintiff dated 10-25-05 | | | | | |

| | 226 | | Letter dated 10-27-05 from Sharon Jerome with United Healthcare to Plaintiff-filled out by Dr. Dietrich | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 227 | | Eye care examination form from Dr. Dietrich for Plaintiff dated 12-28-05 | | | | | |
| | 228 | | NEOC Commission Determination dated 8-1-05 | | R | | | |
| | 229 | | E-mail dated 1-30-05 from Plaintiff to "Chairman Mark" (NEOC file) | | R | | | |
| | 230 | | Referral Fact Sheet dated 8-13-04 referencing Plaintiff (NEOC file) | | R | | | |
| | 231 | | Plaintiff's Pro Se Complaint dated 12-10-95 | | R | | | |
| 12 | 232 | | Photo of 600 Track (Plaintiff's Dep. Ex. 27, 12-20-06) | | | | | |
| 13 | 233 | | Photo of Tracks 601-605 (Plaintiff's Dep. Ex. 28, 12-20-06) | | | | | |
| 14 | 234 | | Photo of 600 tracks looking from west to east (Plaintiff's Dep. Ex. 29, 12-20-06) | | | | | |
| 16 | 235 | | Photo of back side of Diesel Pit Office looking west (Plaintiff's Dep. Ex. 31, 12-20-06) | | | | | |
| 17 | 236 | | Photo of Diesel Pit area that allows machinist to work to be done underneath train(Plaintiff's Dep. Ex. 32, 12-20-06) | | | | | |
| 18 | 237 | | Photo of Diesel Pit Area (Plaintiff's Dep. Ex. 33, 12-20-06) | | | | | |

| 19 | 238 | | Photo of Diesel Pit Area (Plaintiff's Dep. Ex. 34, 12-20-06) | | | | | |
| 20 | 239 | | Photo of Diesel Pit depicting yellow walkway over pit (Plaintiff's Dep. Ex. 35, 12-20-06) | | | | | |
| 21 | 240 | | Photo of Diesel Pit (Plaintiff's Dep. Ex. 36, 12-20-06) | | | | | |
| 22 | 241 | | Photo of Diesel Pit without motors on it (Plaintiff's Dep. Ex. 37, 12-20-06) | | | | | |
| 23 | 242 | | Photo of Diesel Pit(Plaintiff's Dep. Ex. 38, 12-20-06) | | | | | |
| 24 | 243 | | Photo of locomotive at Diesel Pit (Plaintiff's Dep. Ex. 39, 12-20-06) | | | | | |
| 25 | 244 | | Photo of Diesel Pit (Plaintiff's Dep. Ex. 40, 12-20-06) | | | | | |
| 26 | 245 | | Photo of Diesel Pit showing retention tank (Plaintiff's Dep. Ex. 44, 12-20-06) | | | | | |
| 30 | 246 | | Photo of west end of the 400 tracks, Track 401-404 (Plaintiff's Dep. Ex. 48, 12-20-06) | | | | | |
| 31 | 247 | | Photo of east end of 400 tracks (Plaintiff's Dep. Ex. 49, 12-20-06) | | | | | |
| 33 | 248 | | Photo of the west end of the Pit office(Plaintiff's Dep. Ex. 53, 12-20-06) | | | | | |
| 34 | 249 | | Photo of Pit area where machinists go to keep warm (Plaintiff's Dep. Ex. 54, 12-20-06) | | | | | |

| 35 | 250 | Photo of garage door to C Building (Plaintiff's Dep. Ex. 59, 12-20-06) | | | | | |
| 37 | 251 | Photo of west end of C Building (Plaintiff's Dep. Ex. 61, 12-20-06) | | | | | |
| 38 | 252 | Photo of locomotive entering C Building (Plaintiff's Dep. Ex. 62, 12-20-06) | | | | | |
| 41 | 253 | Photo of rolling platform used in C Building (Plaintiff's Dep. Ex. 65, 12-20-06) | | | | | |
| 42 | 254 | Photo of C Building showing exhaust stack on the ground (Plaintiff's Dep. Ex. 67, 12-20-06) | | | | | |
| 43 | 255 | Photo of C Building showing rolling platform hooked up (Plaintiff's Dep. Ex. 68, 12-20-06) | | | | | |
| 44 | 256 | Photo of C Building (Plaintiff's Dep. Ex. 69, 12-20-06) | | | | | |
| 45 | 257 | Photo of 10 track in C Building (Plaintiff's Dep. Ex. 70, 12-20-06) | | | | | |
| 46 | 258 | Photo of C Building, southeast corner (Plaintiff's Dep. Ex. 71, 12-20-06) | | | | | |
| 47 | 259 | Photo of C Building depicting parts on the floor near the locomotive(Plaintiff's Dep. Ex. 72, 12-20-06) | | | | | |
| 48 | 260 | Photo of locomotive ladder(Plaintiff's Dep. Ex. 73, 12-20-06) | | | | | |

| 49 | 261 | Photo of 10 track pit in C Building (Plaintiff's Dep. Ex. 74, 12-20-06) | | | | | |
|----|-----|------------------------------------------------------------------------|--|--|--|--|--|
| 50 | 262 | Photo of D Building looking into track pit (Plaintiff's Dep. Ex. 75, 12-20-06) | | | | | |
| 51 | 263 | Photo of C Building (Plaintiff's Dep. Ex. 76, 12-20-06) | | | | | |
| 52 | 264 | Photo of tracks in C Building (Plaintiff's Dep. Ex. 77, 12-20-06) | | | | | |
| 53 | 265 | Photo of ramp in D Building (Plaintiff's Dep. Ex. 78, 12-20-06) | | | | | |
| 55 | 266 | Photo of East end of D Building (Plaintiff's Dep. Ex. 80, 12-20-06) | | | | | |
| 56 | 267 | Photo of draw bar in D Building (Plaintiff's Dep. Ex. 81, 12-20-06) | | | | | |
| 57 | 268 | Photo of D Building (Plaintiff's Dep. Ex. 82, 12-20-06) | | | | | |
| 58 | 269 | Photo of D building (Plaintiff's Dep. Ex. 83, 12-20-06) | | | | | |
| 59 | 270 | Photo of spill in D Building (Plaintiff's Dep. Ex. 84, 12-20-06) | | | | | |
| 60 | 271 | Photo of lower level of D Building(Plaintiff's Dep. Ex. 85, 12-20-06) | | | | | |
| 61 | 272 | Photo of lower level of D Building (Plaintiff's Dep. Ex. 86, 12-20-06) | | | | | |
| 62 | 273 | Photo of lower level of D Building (Plaintiff's Dep. Ex. 87, 12-20-06) | | | | | |

| 63 | 274 | | Photo of stairs in D Building (Plaintiff's Dep. Ex. 88, 12-20-06) | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 275 | | Video tape of BNSF Alliance Facility depicting work performed | | | | | |
| | 276 | | Opus Notes | | | | | |
| | 277 | | Drinking straws (demonstrative exhibits) | | R, O-P | | | |
| | 278 | | Collective Bargaining Agreement 1970 | | R | | | |
| | 279 | | Bid position 8013 dated 3-17-04 for (NEOC file) | | | | | |
| | 280 | | Sharon Clark, D.O. M.H.P., Curriculum Vitae | | | | | |
| | 281 | | Mechanical/P & M Safety Rules | | | | | |
| | 282 | | Job Awareness Form for Machinists | | | | | |
| | 283 | | Slingsby's Curriculum Vitae | | | | | |
| | 284 | | Job Safety Analysis for Machinist positions | | | | | |
| 172 | 285 | | Plaintiff's pay records from the Village of Hemingford | | | | | |
| 10 | 286 | | Bulletin No. 0084 dated 9-13-06, Plaintiff's Depo Exhibit 25 | | | | | |
| | 287 | | LaBarre's letter to Rick Stauffer and Dell Babcock dated 1-15-08 | | | | | |
| | 288 | | Plaintiff's 2001 Tax Return | | | | | |
| | 289 | | Plaintiff's 2002 Tax Return | | | | | |
| | 290 | | Plaintiff's 2003 Tax Return | | | | | |
| | 291 | | Plaintiff's 2004 Tax Return | | | | | |
| | 292 | | Plaintiff's 2005 Tax Return | | | | | |

| | 293 | | Plaintiff's 2006 Tax Return | | | | | |
| | 294 | | Plaintiff's 2007 Tax Return | | | | | |
| | 295 | | Plaintiff's 2008 Tax Return | | | | | |
| | 296 | | Plaintiff's 2009 Tax Return | | | | | |

**OBJECTIONS**
 R: Relevancy
 H: Hearsay
 A: Authenticity
 O: Other (specify)

DATED this 30th day of November, 2010.


                              BNSF RAILWAY COMPANY, A Delaware
                              Corporation, Defendant


                        By:   s/ Melanie J. Whittamore-Mantzios
                              Thomas C. Sattler - #16363
                              Melanie J. Whittamore-Mantzios - #18883
                              WOLFE, SNOWDEN, HURD,
                                LUERS & AHL, LLP
                              Suite 830, Wells Fargo Center
                              1248 "O" Street
                              Lincoln, NE  68508
                              (402) 474-1507