IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK HOHN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV552 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff's motion to exclude Dr. Slingsby's testimony (Filing No. 163) and defendant's motion in limine (Filing No. 156). Upon reviewing the motions, briefs, and evidence, the Court finds plaintiff's motion will be denied and defendant's motion will be granted in part and denied in part.

Both motions seek to exclude testimony of expert witnesses under Federal Rule of Evidence 702 and *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579 (1993). Plaintiff's motion pertains to the expert testimony of John Geoffrey Slingsby, M.D., Board Certified Ophthalmologist ("Dr. Slingsby") and defendant's motion pertains to the expert testimony of Dan Hill ("Hill") and Angela Bailey ("Bailey").[1] The federal rules and *Daubert* prescribe the standards of admissibility of expert testimony. Rule 702 provides:

---

[1] Defendant's initial motion also addresses experts Carlos Servan ("Servan") and Dan Young, N.D. ("Young"). Plaintiff however has notified this Court in his response brief (Filing No. 171) and other filings before the Court that he no longer seeks to call Servan or Young as experts. Thus, defendant's motion as to Servan and Young will be denied as moot.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is a product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 requires the trial judge act as a "gatekeeper" and admit only relevant and reliable expert testimony. *Daubert*, 509 U.S at 589. In the Eighth Circuit, "[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. *Bonner v. ISP Tech, Inc.*, 259 F.3d 924, 929 (8th Cir. 2001). "Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 at 895-96.

Plaintiff claims Dr. Slingsby should not be allowed to testify as an expert because Dr. Slingsby lacks expertise in the area relevant to this case. Plaintiff argues that although Dr. Slingsby is an ophthalmologist, he does not conduct "low vision evaluations" and (unlike plaintiff's experts Thomas Theune, O.D. and Kara Hanson, O.D.), Dr. Slingsby "refers out" for such evaluations. Low vision evaluations deal with visual impairment

-2-

rehabilitation rather than diagnosis.  As this case deals not with plaintiff's diagnosis (which is not contested), but whether he can perform his job functions, plaintiff claims Dr. Slingsby's testimony is not relevant.

Even though Dr. Slingsby does not have "hands-on" experience in the area of low vision evaluations, he has been educated on the subject and as a ophthalmologist, he can reliably and relevantly testify to the safety issues associated with plaintiff's ability to perform his job in light of his serious visual diagnosis.  Expert testimony of Dr. Slingsby that is properly supported will be received into evidence.  Plaintiff may address the credibility of Dr. Slingsby's testimony through proper objections and on cross-examination.  Thus, plaintiff's motion will be denied.

Defendant claims that Dan Hill ("Hill") and Angela Bailey ("Bailey") should not be allowed to testify as experts in this case because their testimony would lack proper foundation. (Defendant concedes that both Hill and Bailey may be called as fact witnesses in this case).  Hill is a vocational rehabilitation counselor for the Nebraska Commission for the Blind and the Visually Impaired.  Hill's duties include:

> Assist[ing] blind persons, their
> families, groups of blind persons,
> or employers of blind persons
> through the counseling relationship
> to develop understanding, define
> blindness issues, define goals,
> plan action, and elevate
> expectations toward the capability
> of blind persons with the goal of
> full-time or part-time employment

>           when appropriate, consistent with
>           each individual's strengths,
>           resources, priorities, concerns,
>           abilities, capabilities, interests,
>           and informed choice.

Neb. Rev. Stat. § 71-8610.01.  Hill has almost thirty years of experience of working with the blind, is familiar with plaintiff's case and abilities, has worked with other visually impaired persons attempting to return to mechanical fields, and has conducted at least one on-site job evaluation for a visually impaired person.  Although Hill has not conducted an on-site job evaluation with plaintiff (apparently because plaintiff was not allowed to), he has reviewed over sixty pictures of plaintiff's work facility and has developed an opinion on plaintiff's ability to perform his job as a machinist and conduct an on-site job evaluation.  Expert testimony of Hill that is properly supported will be received into evidence.  Defendant may address the credibility of Hill's testimony through proper objections and on cross-examination.  Thus, defendant's motion as to Hill will be denied.

>     Bailey is BNSF's former regional manager for Medical

and Environmental Health.  Her duties were to work with BNSF employees who were on medical leave due to an on-the-job injury or disease in determining if they were able to return to their former positions or, if not, to help the employees find a different position with BNSF or outside.  She is familiar with the Americans with Disabilities Act and received a Professional and Disability Management Certification through the Insurance

-4-

Education Association.  Bailey has never met plaintiff, but is familiar with his case and supported him in seeking an on-site job evaluation.  Because Bailey did not personally view plaintiff conduct any activities that would speak to his ability to perform his job as a machinist, her opinion as an expert on plaintiff's ability to perform his job or conduct an on-site job evaluation would lack foundation.  Thus, defendant's motion as to Bailey will be granted.  Accordingly,

IT IS ORDERED:

1)  Plaintiff's motion to exclude Dr. Slingsby's testimony (Filing No. 163) is denied.

2)  Defendant's motion in limine (Filing No. 156) as to Carlos Servan and Dan Young, N.D. is denied as moot.

3)  Defendant's motion in limine (Filing No. 156) as to Dan Hill is denied.

4)  Defendant's motion in limine (Filing No. 156) as to Angela Bailey is granted.

DATED this 16th day of February, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court