IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
FRANK HOHN,                   )
                              )
           Plaintiff,         )          8:05CV552
                              )
     v.                       )
                              )
BNSF RAILWAY COMPANY,         )          ORDER
                              )
           Defendant.         )
_____)
```

This matter is before the Court upon plaintiff's motion for new trial (Filing No. 244) and motion to set-aside costs taxed by the Clerk (Filing No. 266). Upon reviewing the motions, briefs, indexes of evidence, and relevant law, the Court will deny both motions.

In his motion for new trial, plaintiff asserts the Court erred by not admitting evidence with respect to plaintiff's safety hotline complaint and also that the great weight of the evidence precludes any reasonable jury from finding for defendant on Jury Instructions Nos. 12 and 13 relating to plaintiff's ADA claims of disparate treatment and failure to accommodate.

A motion for new trial serves the limited function of allowing the Court to correct manifest errors of law or fact. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). The Court ruled before and during the time of trial that evidence involving "plaintiff's safety hotline complaint" was not relevant to either of plaintiff's ADA's claims. This ruling of the Court shall stand.

Furthermore, the Court finds the jury's verdict in favor of defendant on the ADA claims of disparate treatment and failure to accommodate are supported by the greater weight of the evidence.  Based on the expert opinions of Drs. Dietrich, Clark, and Slingsby and the observations of other BNSF employees, there was more than sufficient evidence for the jury to find that (1) plaintiff was not qualified to perform the essential functions of the position of machinist with or without an accommodation and (2) that defendant did not fail to provide plaintiff with a reasonable accommodation.  Thus, plaintiff's motion for new trial will be denied.

The Clerk of this Court taxed costs against plaintiff in the amount of $6,905.18 (*See* Filing No. 256).  Plaintiff, in his untimely motion (*See* Fed. R. Civ. P. 54(d)(a)(1)) to set-aside costs taxed by the Clerk, does not take issue with the Clerk's calculations, but claims he is unable to pay these costs and asks to be released from the obligation to pay the amount to defendant.  Plaintiff alternatively requests that he be given a "very long" period in which to pay costs to defendant.  As plaintiff is employed, had the ability to pay the filing fee for this lawsuit, and has failed to explain the untimeliness of his motion, the Court finds no reason to set aside the costs taxed against plaintiff by the Clerk of this Court or to create an extended due date for payment of such.  Thus, plaintiff's motion to set-aside costs will be denied.  Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for new trial (Filing No. 244) is denied.

2) Plaintiff's motion to set aside costs (Filing No. 266) is denied.

DATED this 5th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court